UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENNADY IVANOVICH PUSHKO and
BRJANSKGIPLES LLC., a Russian
corporation,

        Plaintiffs,

vs.                              CASE NO. 3:05-cv-211-J-25MMH

SAMUEL KLEBENER, individually and
in his capacity as Director, President and
Secretary of DOUBLE SAMS U.S.A., INC.,
and DOUBLE SAMS U.S.A., INC., a Florida
corporation,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before this Court on Defendants Motion to Dismiss Count II of the Amended Complaint and Motion to Strike Request for Punitive Damages (Dkt. 14) and Plaintiffs' response thereto (Dkt. 22).

The Amended Complaint maintains that Plaintiff Pushko, a citizen of Russia, entered into a business venture with Defendant Klebener, a resident of Jacksonville, focusing on investments in Russia. The parties agreed to undertake an equipment lease between Defendant Double Sams USA, as lessor, and Plaintiff BrjanskGIPLes as lessee, the funds for which were to be obtained through an extension of credit from Bank of America. The funds secured from the credit line were supposed to be used to purchase the equipment that would then be leased to Plaintiff BrjanskGIPLes.

Despite his previous representations that he could obtain the Bank of America credit line, Klebener subsequently represented to Plaintiff Pushko that additional funds needed to be deposited in Double Sams USA account to help satisfy Bank of America's credit standards. Thus, pursuant

to the lease's terms, Plaintiff BrjanskGIPLes, as lessee, was required to make a prepayment to Double Sams USA in the amount of $830,000.00. Plaintiff BrjanskGIPLes obtained that amount of money from Plaintiff Pushko's other business holdings with the understanding that the funds would be returned to Double Sams USA and Klebener upon receipt of the loan from Bank of America.

Instead of using the of $830,000.00 for its intended purpose, it is alleged that Defendant Klebener misappropriated these funds for his personal use when he, acting through Defendant Double Sams USA, but without Plaintiffs' authorization or knowledge, purchased an assignment of a mortgage. In the Amended Complaint, Plaintiffs contend that this action has been initiated to rectify Defendants' Fraud (Count I), Conversion (Count II), Civil Theft (Count III), Fraudulent Transfer (Count IV), Breach of the Termination Agreement (Count V), Breach of the Duty of Good Faith and Fair Dealing (Count VI), and Unjust Enrichment (Count VII).

Defendants seek to have the Amended Complaint (Dkt. 13) dismissed as it fails to state a claim upon which relief can be granted. Defendants aver that Florida law is clear that an obligation to pay money, without more, cannot be enforced by way of an action for conversion.

Dismissal for failure to state a claim upon which relief may be granted is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this determination this Court is restricted to consideration of facts alleged in the complaint itself. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). Further, the facts set forth in the complaint must be viewed in the light most favorable to the plaintiff. *Quality Foods De Centro America v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

Finally, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require a plaintiff to plead specific allegations of every situation or condition that may be presented at trial.

Generally, under Florida law a claim of conversion cannot be premised upon an obligation to pay money. *Douglas v. Braman Porsche Audi, Inc.*, 451 So.2d 1038 (Fla. 3d DCA 1984). However, at this stage of the proceedings and in light of the Florida case law cited to by Plaintiffs, this Court concludes that Defendants' motion is due to be denied as to Count II. *See Eagle v. Benefield-Chappell, Inc.*, 476 So.2d 716, 718 (Fla. 4th DCA 1985); *Allen v. Gordon*, 429 So.2d 369, 371 (Fla. 1st DCA 1983); *All Cargo Transp., Inc. v. Florida East Coast Ry. Co.*, 355 So.2d 178 (Fla. 3d DCA 1978).

Furthermore, Defendants' seek to have Plaintiffs' request for punitive damages clause struck, pursuant to Florida Statute §768.72. However, this argument has already been decided contrary to Defendants' position. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). Accordingly, Defendants' motion is due to be denied on this ground too.

Accordingly, it is **ORDERED**:

Defendants Motion to Dismiss Count II of the Amended Complaint and Motion to Strike Request for Punitive Damages (Dkt. 14) is **DENIED**.

**DONE AND ORDERED** in Chambers this ___27___ day of ~~May~~ June, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

3