**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GENNADY IVANOVICH PUSHKO
and BRJANSKGIPLES L.L.C.,
a Russian corporation,

    Plaintiffs,

v.                                    CASE NO. 3:05-cv-211-J-25HTS

SAMUEL KLEBENER, individually
and in his capacity as Director,
President and Secretary of
DOUBLE SAMS U.S.A., INC.;
DOUBLE SAMS U.S.A., INC., a
Florida corporation; DOUBLE SAM,
INC., a Florida corporation; MARIYA
GOFMAN, a Florida resident; SEMYON
SHTEYN, a Florida resident; and
GALINA VOLKOVINSKAYA-SHTEYN, a
Florida resident,

    Defendants.

**O R D E R**

This cause is before the Court on the following matters:

1.  Pushko's and Brjanskgiples' Motion to Reopen Discovery and to Compel Discovery from Defendants (Doc. #175; Motion). The Motion is opposed. *See* Defendants' Response to Plaintiffs' Motion to Reopen Discovery and to Compel Discovery from Defendants (Doc. #185; Opposition).

Plaintiffs originally filed a somewhat similar motion to reopen and compel discovery on April 16, 2007. *See* Pushko's and Brjanskgiples' Motion to Reopen Discovery, Amend Pretrial Order, to

Amend Pretrial Statement, to Compel Discovery from Defendants and for a Pretrial Conference and Other Relief (Doc. #159). However, on June 12, 2007, prior to the resolution of that motion, the Court entered an Order (Doc. #167; Dismissal Order) dismissing the case for lack of subject matter jurisdiction and granting leave to file an amended complaint to cure the defect. Dismissal Order at 9. All pending motions were terminated as of that date, but the parties were permitted to refile any such motion within seven days of the response to the amended pleading. *Id.* at 10. The present motion resurfaced as a result of that directive.

Plaintiffs move to reopen discovery "to complete defendant Klebener's deposition (individually and as corporate representative of Double Sams U.S.A., Inc.), [and to] take the depositions of Semyon Shteyn, the 30(b)(6) deposition of Double Sam, Inc., and Mariya Gofman." Motion at 3 (footnote omitted). They also seek, from twelve companies, production of "credit card statements, bank records, jewelry store records, cell phone records and Brumos Motor Cars records as business records for use at trial." *Id.* at 9. Finally, it is contended requests for production served on each Defendant prior to the discovery deadline were improperly objected to and the discovery solicited therein should be compelled. *Id.* at 14, 18.

Defendants challenge the proposed reopening of discovery on grounds "the discovery sought . . . is not relevant to the instant

case[,]" Opposition at 5 (capitalization and emphasis omitted), and "is protected by Defendants' right to privacy[.]" *Id.* at 6 (capitalization and emphasis omitted). Further, it is suggested Plaintiffs' delay, both in conducting and moving to reopen and compel discovery, should not constitute grounds for further postponing trial in this case. *See id.* at 3-5.

In cases where a scheduling order has entered, such "schedule shall not be modified except upon a showing of good cause[.]" Rule 16(b), Federal Rules of Civil Procedure (Rule(s)); *see also* Middle District Discovery (2001) at 4 ("Occasionally, the Court will allow additional discovery time upon motion, but it is a serious mistake to assume that an extension of the discovery completion date will be granted. When allowed, the discovery completion date is normally extended only upon a written motion showing good cause (including due diligence in the pursuit of discovery before the completion date)[.] Motions for extension of discovery time are treated with special disfavor if filed after the discovery completion date[.]"). "A finding of good cause[,]" it has been held, "depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *cf. Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry[.]").

Motions to compel must be brought in a timely manner. *See AB Diversified Enters., Inc. v. Global Transp. Logistics, Inc.*, No. 06-21308-CIV-LENARD/TORRES, 2007 WL 1362632, at *1 (S.D. Fla. May 7, 2007) ("[A] motion to compel filed more than two months after the discovery cutoff is clearly untimely."); *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) (in case where motion to compel was filed nearly three months before scheduled trial date, court held that "[a] party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production").

There has been ample opportunity to conduct discovery in this case. On July 6, 2005, the Court set the discovery cutoff date as February 1, 2006. Case Management and Scheduling Order (Doc. #33) at 1. That deadline was subsequently extended twice. *See* Order (Doc. #56) at 1 (setting May 1, 2006 cutoff); Order (Doc. #91) at 1 (setting December 15, 2006 cutoff). Nevertheless, Plaintiffs did not subpoena the Bank of America records until June 20, 2006, *see* Exhibits A and B, attached to Defendants' Motion for Protective Order (Doc. #76), and did not serve Defendants with requests for production until November 15, 2006, a month before the last extended period of discovery closed. *See* Exhibits 5-9, attached to the Motion. And while Plaintiffs did indeed seek the discovery during the allowed discovery period, the lack of diligence in pursuing that discovery after the cutoff date undermines their

current request. In fact, by Plaintiffs' own admission, "an early version of the[] summaries" of the Bank of America records produced on January 8, 2007, was ready and "given to defendants' counsel promptly in January/February 2007." Motion at 7; *see also* Pushko's and Brjanskgiples' Motion to Permit Accountant to Amend Her Expert Report (Doc. #174) at 2 ("The defendants have had in their possession since January/February 2007, the Bank of America production and [the expert's] summaries of [that] production."). Plaintiffs should have been aware at that point of the additional discovery they wished to pursue.

Likewise, the requests for production now sought to be compelled were, by Plaintiffs' own assertions, objected to on December 15, 2006. Motion at 14. They offer no explanation as to why they then allowed four months to lapse before bringing a motion to compel. Similarly, Plaintiffs became aware on January 10, 2007, that the depositions at issue would not occur. *See id*. at 4; Exhibits 1-4, attached to the Motion. The reliance of Plaintiffs in resetting the depositions to accommodate Defendants' schedule, with the expressed or implicit understanding that Defendants would participate therein, and then Defendants' unexpected refusal to do so, should have prompted Plaintiffs to immediately seek court intervention to resolve this untenable conflict.[1] Delaying three

---

[1] Plaintiffs recount that the depositions of three of the defendants were originally

months to enforce the broken agreement weighs against finding that Plaintiffs proceeded with due diligence. All the while, during the early months of 2007, Plaintiffs were actively participating in pretrial preparations for a trial term scheduled at that time to commence on April 2, 2007. It was not until after the trial was continued to the July 2, 2007, term to allow the depositions of several Russian witnesses to occur, see Order (Doc. #151), that these discovery issues were raised.[2]

Therefore, in accordance with the foregoing, the Motion (Doc. #175) is **DENIED**.

2. Defendants' Renewed Emergency Motion for Protective Order and to Quash Trial Subpoenas Duces Tecum Issued by Plaintiffs (Doc. #180; Motion to Quash). Plaintiffs have filed Pushko's and Brjanskgiples' Opposition to Defendants' Renewed Emergency Motion

---

noticed for December 13 and 14, 2006 (before the discovery cutoff). Then defendants requested to reschedule the depositions because of their scheduling conflicts for the next time available . . ., December 27 and 28, 200[6]. Although defendants requested deposition dates after the discovery period, the undersigned attorney agreed in the spirit of cooperation. . . . However, defendants then asked to reschedule the depositions of [three] defendants[,] . . . asserting scheduling conflicts for January 10, 2007. . . . When the agreed upon January 10, 2007, deposition day arrived, defendants' counsel refused to attend the depositions set at his office and to produce his clients because discovery was over and he would not violate this Court's order.

Motion at 4 (internal quotation marks omitted). Defendants provide no competing account of what transpired.

[2] While one might argue an intentional decision had been made not to challenge the discovery violations and seek to reopen discovery due to trial being set, at that time, a mere three months away, it is noted that at the time Plaintiffs did choose to raise the issues, trial was again set to occur in just under three months.

for Protective Order and to Quash Trial Subpoenas Duces Tecum Issued by Plaintiffs (Doc. #186; Opposition to Motion to Quash).

Defendants seek to have quashed a number of trial subpoenas duces tecum either already issued or expected to be issued by Plaintiffs. Motion to Quash at 2-4. They contend the challenged subpoenas constitute impermissible discovery insofar as they were issued after the December 15, 2006, discovery deadline. *Id.* at 5. Additionally, Defendants request that the Court "enter a protective order protecting [their] personal financial information." *Id.* at 4 (capitalization omitted).

Plaintiffs counter that the requests for production as to the parties are proper because the information sought is "all specific, material, relevant, and admissible based upon the issues in this case." Opposition to Motion to Quash at 12. The third-party custodian trial subpoenas are appropriate, according to Plaintiffs, because they "are seeking to obtain [w]hat they should have had during discovery but were prevented from knowing about during discovery by the other side." *Id.* at 18. Finally, "the documents subpoenaed from Lindell, Farson & Pincket and Mr. Pincket are for documents the defendants previously produced to [Plaintiffs] during the discovery period. The subpoenaed documents are for the originals and for use by Mr. Pincket during his examination." *Id.* at 19.

Rule 45 subpoenas have been held to generally constitute discovery, "and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery[.]" *Nicholas v. Wyndham Int'l, Inc.*, No. Civ.2001/147-M/R, 2003 WL 23198847, at *2 (D.V.I. Oct. 1, 2003) (internal quotation marks omitted); *see also Dodson v. CBS Broad. Inc.*, No. 02 Civ. 9270(KMW)(AJ), 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) ("Rule 45 [t]rial subpoenas [*duces tecum*] may not be used . . . as means to engage in discovery after the discovery deadline has passed." (internal quotation marks omitted; alterations in original)); *Alper v. United States*, 190 F.R.D. 281, 284 (D. Mass. 2000) ("[T]o allow a party to continue with formal discovery . . . after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." (internal quotation marks omitted) (first alteration in original)). *But cf. O'Boyle v. Jensen*, 150 F.R.D. 519, 520 (M.D. Pa. 1993) ("The discovery deadline established by the court . . . was not intended to preclude . . . parties from gathering additional information on their own case or that of their opponent through independent lines of inquiry not directed to, or requiring the participation of, the other side.").

At this time, although the trial subpoenas duces tecum that are the subject of the Motion to Quash have been nullified by

virtue of the continuance of the trial for which they were issued, Plaintiffs should be mindful, once a trial date is again set in this case, that they are permitted to issue trial subpoenas duces tecum "for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery." *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ.A. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997); *see also Rice v. United States*, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995) ("[A] Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery."); *Nsight, Inc. v. Peoplesoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ), 2006 WL 988807, at *2 (N.D. Cal. Apr. 13, 2006) ("Trial subpoenas . . . include requests for attendance at a hearing or trial . . . and may be used in narrow circumstances to secure documents." (citing *Puritan* and *Rice*)). Accordingly, the Motion to Quash (Doc. #180) is **DENIED** as **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of September, 2007.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    pro se parties, if any

- 9 -